995 F.2d 1063
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles MOSLEY, Plaintiff-Appellant,
v.
TOWN OF PENNINGTON GAP; John C. Marion; Fred Ely,
Defendants-Appellees.
 No. 92-2140.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 1, 1993.
Decided: June 16, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Glen M. Williams, Senior District Judge. (CA-91-18-B)
 Argued: Sherry Lee Wilson, Client Centered Legal Services of Southwest Virginia, Ins., Castlewood, Virginia, for Appellant.
 Robert Wayne Austin, Johnson, Scyphers & Austin, P.C., Abingdon, Virginia, for Appellees.
 W.D.Va.
 AFFIRMED.
 Before HALL, Circuit Judge, BUTZNER, Senior Circuit Judge, and VOORHEES, Chief United States District Judge for the Western District of North Carolina, sitting by designation.
 VOORHEES, Chief District Judge:
 OPINION
 Charles Mosley, appellant, brought suit against the Town of Pennington Gap, Virginia ("Town"), Mayor John Marion, and Executive Director Fred Ely for wrongful discharge. Mosley also claimed his due process rights were violated when the Town denied his request for a grievance hearing. After the district court ordered the Town to hold the hearing, Mosley sought an award of attorney fees pursuant to 42 U.S.C. § 1988. The district court, finding that the results obtained by counsel were only marginally successful, awarded no fees. This appeal contests that disallowance of attorney fees. We affirm the decision of the district court.
 I.
 The parties have no dispute over the facts underlying this appeal. Mosley was employed by the Town for five years between April, 1985, and April, 1990. As a permanent employee, Mosley was entitled to grievance procedures. After discharge from employment with the Town, Mosley brought grievance proceedings. After completing the first three levels of those proceedings, Mosley requested a hearing. This request was not acted upon, since the Town and Mosley then stipulated to return to the third level of the process. Further proceedings at the third level failed to break the impasse between the parties.
 In December, 1990, Mosley's attorney again requested a hearing. When the Town failed to schedule it, Mosley commenced this action in district court, seeking monetary relief to compensate him for injuries resulting from the Town's conduct, reinstatement to his job, and punitive damages. As alternative relief, Mosley requested an order requiring the grievance hearing. Appendix at 84. In September, 1991, the district court granted partial summary judgment to Mosley and ordered the Town to hold the grievance hearing. When the hearing was finally conducted in June, 1992, the Town determined that Mosley had not been wrongfully discharged.
 Thereafter, Mosley's attorneys petitioned for award of counsel fees pursuant to 42 U.S.C. § 1988. The district court found that Mosley's due process rights had been violated by the failure of the Town to comply with its grievance procedures calling for the grant of a hearing. Mosley thus became a prevailing party. However, the court also concluded that Mosley would have been terminated even if the hearing had been conducted in a timely manner. While recognizing the "importance to organized society that procedural due process be observed," the court indicated that denial of the hearing was not a cause of actual injury to Mosley and did not entitle him to compensatory damages. Appendix at 79 (quoting Carey v. Piphus, 435 U.S. 247, 266 (1978)). The district court awarded Mosley nominal damages of $1.00 and denied an award of attorney fees.
 We review the district court's decision concerning denial of fees for abuse of discretion. Hensley v. Eckerhart, 461 U.S. 424 (1983); 42 U.S.C. § 1988.
 II.
 In deciding the issue of attorney fees, the district court computed the lodestar fee based on the number of hours reasonably expended multiplied by a reasonable hourly rate, but then reduced the lodestar to zero. The court noted that the most important factor to be considered in adjusting the lodestar is the degree of success achieved, and found that Mosley had achieved "extremely limited success." Appendix at 83-84. Appellant claims this reduction was an abuse of discretion, and that the success factor is necessarily subsumed into the original lodestar calculation.* According to appellant, the success factor is to be considered in arriving at the lodestar figure rather than in adjusting the figure after its initial computation, citing Lilly v. HarrisTeeter Supermarket, 842 F.2d 1496, 1511 (4th Cir. 1988).
 Although Appellant complains the district court's decision on fees was in error by reason of the court's vindication of Mosley's due process rights, the Supreme Court has recognized that the amount of damages does "bear on the propriety of fees awarded under § 1988" because " 'the degree of the plaintiff's overall success goes to the reasonableness' " of the fee. Farrar v. Hobby, 113 S. Ct. 566, 574 (1992) (quoting Texas State Teachers Assn. v. Garland Independent School Dist., 489 U.S. 782, 793 (1989)).
 In this case, petitioners received nominal damages instead of the $17 million in compensatory damages that they sought. This litigation accomplished little beyond giving petitioners "the moral satisfaction of knowing that a federal court concluded that [their] rights had been violated" in some unspecified way.... Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness, or multiplying "the number of hours reasonably expended ... by a reasonable hourly rate...." When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all.
 Id. at 574-5 (citations omitted).
 The Farrar decision also resolves Appellant's contentions concerning calculation of fees. Where the court finds the plaintiff has failed to prove an essential element of the claim, resulting in nominal damages, it is not necessary for the court to follow the customary procedures in calculating the fee. Id. As stated by Justice O'Connor in the concurring opinion:
 [W]hen a plaintiff's victory is purely technical or de minimis, a district court need not go through the usual complexities involved in calculating attorney's fees.... As a matter of common sense and sound judicial administration, it would be wasteful indeed to require that courts laboriously and mechanically go through those steps when the de minimis nature of the victory makes the proper fee immediately obvious. Instead, it is enough for a court to explain why the victory is de minimis and announce a sensible decision to "award low fees or no fees" at all.
 Id. at 576 (O'Connor, J. concurring).
 
 
 1
 The district court adequately explained why Mosley's victory was undeserving of an award of attorney fees. Since the court was not obligated to recite the factors or to compute a lodestar, it certainly was not error to adjust the lodestar figure based on the limited success achieved.
 
 III.
 
 2
 For the reasons stated above, the decision of the district court is affirmed.
 
 AFFIRMED
 
 
 *
 Appellant also claims the court reduced the lodestar twice for want of success (see Appellant's Brief at 6), but the record shows that the first reduction was based on inadequate documentation of hours and only the second reduction was based on limited success achieved. Appendix at 81-85. Appellant does not dispute the reduction of hours claimed by Attorney Wilson by 80 percent due to inadequate documentation